UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUH'JUAN WASHINGTON,<br><br>    Petitioner<br><br>v.<br><br>CALVIN JOHNSON,<br><br>    Respondent | Case No.: 2:23-cv-02002-RFB-NJK<br><br>**Order Granting Application to Proceed <u>In Forma</u> <u>Pauperis</u>, Directing Service of the Petition, and Granting Motion for Appointment of Counsel** |

    Juh'Juan Washington submitted a pro se 28 U.S.C. § 2254 habeas corpus petition. (ECF No. 1-1.) His application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted. ECF No. 7. The court has conducted a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directs that it be served on respondents.

    A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. <u>See</u> 28 U.S.C. §2244(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

///

Washington has also submitted a motion for appointment of counsel. ECF No. 3. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). Here, Washington sets forth a claim that his counsel rendered ineffective assistance related to his guilty plea for second-degree kidnapping, robbery with use of a deadly weapon, attempted sexual assault, and open or gross lewdness. Washington is serving a lengthy sentence. He also states that he has a long and extensive history of mental illness. In order to ensure due process, the court grants the motion.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed in forma pauperis (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court detach, file, and electronically serve the petition (ECF No. 1-1) on respondents.

**IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus. (ECF No. 1-1.) The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

**DATED:** September 30, 2024

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE