**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JUH'JUAN WASHINGTON, | Case No. 2:23-cv-02002-RFB-NJK |
| Petitioner, | **DISCOVERY ORDER** |
| v. | |
| CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

Before the Court is Petitioner Juh'Juan Washington's motion for leave to conduct discovery. ECF No. 31. Respondents opposed the motion, and Washington replied. ECF Nos. 32, 33. Also before the Court is Washington's unopposed motion for an extension to file his amended petition. ECF No. 34. For the following reasons, the Court grants Petitioner's motions.

## I.    PROCEDURAL HISTORY

On June 25, 2021, the state court entered a Judgment of Conviction, pursuant to a guilty plea, convicting Washington of second-degree kidnapping, robbery with the use of a deadly weapon, attempted sexual assault, and open or gross lewdness. ECF No. 2-2 at 6. Washington was sentenced to an aggregate of 312 to 780 months in prison. Id. at 7. Washington appealed, and the Nevada Court of Appeals affirmed on March 15, 2022. Juhjuan Washington v. State of Nevada, 138 Nev. 995, 505 P.3d 408 (Nev. App. 2022). Washington filed a state habeas petition on December 12, 2022. Juhjuan Washington v. Calvin Johnson, A-22-862401-W (8th Jud. D. Nev. Dec. 12, 2022). The state court denied the petition on May 30, 2023. Washington did not file a post-conviction appeal.

Washington commenced this federal habeas action on December 4, 2023. ECF No. 1. This

Court granted Washington's motion for appointment of counsel and appointed the Federal Public Defender to represent Washington. ECF Nos. 10, 16. Washington's counsel has now moved for leave to conduct discovery, explaining that discovery is needed before a counseled amended petition can be filed. ECF No. 31.

## II.    LEGAL STANDARD

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." The Supreme Court has held that Rule 6 was meant to be applied consistently with its prior opinion in Harris v. Nelson, which expressly called for the adoption of the rule. Bracy v. Gramley, 520 U.S. 899, 904, 909 (1997). In Harris, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. 286, 300 (1969). The Ninth Circuit, consistent with Bracy and Harris, has held that habeas discovery is appropriate in cases where the discovery sought only *might* provide support for a claim. See, e.g., Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Osborne v. District Attorney's Office, 521 F.3d 1118, 1133 (9th Cir. 2008), rev'd on other grounds in District Attorney's Office v. Osborne, 557 U.S. 52 (2009).

## III.    DISCUSSION

Washington seeks discovery of the video evidence that the State relied upon in charging him, so he desires to subpoena the Las Vegas Metropolitan Police Department for any and all records and/or evidence related to this case (Event Nos. 171020-0829, 171019-0557, and 171022-0808). ECF No. 31. Washington explains that there is good cause for this discovery request because disclosure of this information may support a claim that police interrogated him in violation of Miranda. Id. Washington also explains that he never received his complete discovery file, and his prior counsel have been unable to provide the discovery file to him. Id.

Respondents oppose Washington's motion for discovery, arguing that (1) the motion is premature given that Washington has yet to file his amended petition, (2) the request for discovery is based on speculation, and (3) the request is overly broad. ECF No. 32. Washington rebuts that (1) it serves judicial economy for him to obtain the missing discovery now so that he may raise developed claims stemming from the receipt of the discovery materials in his amended petition, (2) he is only requesting evidence that his prior counsel previously received but no longer has in their possession, and (3) the three events numbers listed in his discovery request are all implicated in this case. ECF No. 33.

As Petitioner Washington makes clear, the items sought are not new evidence. Although Respondents argue that Washington fails to state good cause for obtaining the items requested, they do not deny that there are materials which have not been provided to Washington, that Washington was legally entitled to these materials, that these materials would have been accessible to trial counsel, or that these materials could show that Washington may be entitled to relief on his forthcoming amended habeas petition. As such, this Court concludes that Washington has established good cause under Rule 6(a) for the discovery sought.

## IV.    CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that Washington may subpoena the Las Vegas Metropolitan Police Department for any and all records and/or evidence related to this case (Event Nos. 171020-0829, 171019-0557, and 171022-0808).

**IT IS FURTHER ORDERED** that the motion for extension (ECF No. 34) is **GRANTED**. Washington has 60 days from the date of this Order to file his amended petition.

The remainder of the Scheduling Order (ECF No. 16) remains in effect.

**DATED:** February 9, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**