**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JUH'JUAN WASHINGTON,<br>Petitioner,<br>v.<br>CALVIN JOHNSON,<br>Respondent. | Case No. 2:23-cv-02002-RFB-NJK<br>**ORDER DENYING MOTION TO DISMISS** |

Petitioner Juh'Juan Washington filed a counseled First-Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 36 ("First-Amended Petition").) Before the Court is Respondent's motion to dismiss the First-Amended Petition. (ECF No. 47.) Washington opposed the motion, and Respondent replied. (ECF Nos. 50, 53.) For the reasons discussed below, the Court denies the motion.

## I. PROCEDURAL HISTORY

Following a guilty plea, the state court convicted Washington of second-degree kidnapping, robbery with the use of a deadly weapon, attempted sexual assault, and open or gross lewdness. (ECF No. 42-19.) Washington was sentenced to an aggregate of 312-to-780 months in prison. (Id.) Washington appealed, and the Nevada Court of Appeals affirmed on March 15, 2022. (ECF No. 42-45.) Remittitur issued on April 11, 2022. (ECF No. 42-46.)

Washington filed a state habeas petition on December 12, 2022. (ECF No. 42-49.) The state court denied the petition on May 30, 2023. (ECF No. 43-5.) Washington did not appeal.

Washington commenced this federal habeas action on December 4, 2023. (ECF No. 1.) The Court appointed counsel for Washington. (ECF No. 10.) Counsel filed Washington's First-

Amended Petition on April 9, 2026. (ECF No. 36.) In his First-Amended Petition, Washington raises a sole ground for relief: his trial counsel failed to suppress his confession. (Id.) Respondent argues that the First-Amended Petition is untimely and unexhausted. (ECF No. 47.) The Court will address these arguments in turn.

## II. DISCUSSION

### A. Timeliness

Washington concedes that his First-Amended Petition is untimely; however, he argues that it relates back to his pro se petition. (ECF No. 50.)

A new claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. Mayle v. Felix, 545 U.S. 644 (2005). In Mayle, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in an earlier filed petition merely because the claims all challenge the same trial, conviction, or sentence. Id. at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. Id. at 659 n.5; Ha Van Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013).

In his pro se petition, Washington argued that his "trial counsel failed to present to the court and argue . . . that [he] was illegally interrogated by police authorities." (ECF No. 11 at 5.) In support of this ground, Washington alleged that his request for an attorney to be present during the interrogation was ignored, he was handcuffed to the table, and the police continued to question him even after he invoked his right to remain silent. (Id.) Similarly, in his First-Amended Petition,

Washington alleges that his “trial counsel’s performance was deficient because he failed to file a motion to suppress [his] interrogation.” (ECF No. 36 at 8.) Washington explains that the “asked for an attorney four times before the detective started interrogating him,” but the interrogation continued. (Id. at 9.)

Respondent argues that Washington only presented cursory facts in his pro se petition as compared to the more extensive set of facts in the First-Amended Petition. (ECF No. 53 at 2.) Although the First-Amended Petition is more detailed than the pro se petition, the Court finds that the First-Amended Petition relates back to the pro se petition. The addition of facts does not change the core operative facts: Washington’s trial counsel failed to argue that his police interrogation violated his constitutional rights. For example, the fact that Washington asked for counsel 4 times during his interrogation, as was plead in his First-Amended Petition, versus the more general fact that he asked for counsel, as was plead in the pro se petition, does not transform the claim into one that is based on separate events. The First-Amended Petition is timely.

**B. Exhaustion**

Washington concedes that his First-Amended Petition is unexhausted, but he contends that it should be considered technically exhausted and procedurally defaulted and that he can overcome the procedural default under Martinez v. Ryan. (ECF No. 50 at 4.)

A claim may be considered procedurally defaulted if “it is clear that the state court would hold the claim procedurally barred.” Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). Washington would face several procedural bars if he were to return to state court. See, e.g., NRS §§ 34.726, 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that “it is clear that the state court would hold the claim procedurally barred.” Sandgathe, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to

immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In Martinez v. Ryan, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize Martinez as cause to overcome a state procedural bar under Nevada state law. Brown v. McDaniel, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon Martinez—and only Martinez—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Washington advances only Martinez as a basis for excusing the anticipatory default of his First-Amended Petition. Accordingly, the Court considers the First-Amended Petition to be technically exhausted and procedurally defaulted. Next, the Court finds that Washington has arguably met three of the four elements of Martinez: (1) he had no counsel during his state post-conviction habeas corpus proceedings, (2) his state post-conviction petition was the initial proceeding regarding claims of ineffective assistance of trial counsel, and (3) Nevada law requires that a claim of ineffective of assistance of trial counsel be raised in a post-conviction habeas corpus proceeding. However, because the analysis of prejudice under Martinez is necessarily intertwined with the merits of the claim, the Court defers consideration of the fourth element of Martinez: whether the claim of ineffective assistance of trial counsel is substantial.

## III. MOTION TO SEAL

Also before the Court is Respondent's motion to file Washington's Presentence Investigation Report and the victim's impact statement under seal. (ECF No. 44.) Having reviewed

and considered the matter in accordance with Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Washington's and the victim's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the motion to dismiss (ECF No. 47) is denied. Washington's sole ground for relief is technically exhausted and procedurally defaulted, and the Court defers consideration of whether Washington can demonstrate prejudice under Martinez to overcome the procedural default until after the filing of an answer and reply in this matter.

**IT IS FURTHER ORDERED** that the motion to seal (ECF No. 44) is granted. Exhibits 59 and 62 (ECF Nos. 45-1 and 45-2) are considered properly filed under seal.

**IT IS FURTHER ORDERED** that Respondent has 45 days from the date of this Order to file his answer to the First-Amended Petition. Washington will then have 30 days to file his reply.

**DATED:** October 29, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**